KETHLEDGE, Circuit Judge, concurring in part and dissenting in part.
Monica Rogers argues that Henry Ford transferred her to a new position (with the same pay) in retaliation for her EEOC complaint against Henry Ford. Yet she lacks evidence that the person who offered her the transfer-Derick Adams-had any animus toward her. That leaves us with the benign motive Henry Ford proffers: namely, that Adams offered the transfer to defuse the tension between Rogers and the many coworkers who had independently raised concerns about her behavior.
For two reasons, the majority thinks this motive might be pretextual. First, Rogers had been cleared to return to her original position despite her coworkers' concerns. But that suggests at most that Adams was overly cautious, not "that retaliation was the real reason" for his actions. Tingle v. Arbors at Hilliard , 692 F.3d 523, 530 (6th Cir. 2012). Second, Adams testified that he had wanted to give Rogers "some space" from the people at the core of her complaint. But that shows that Adams was "actually motivate[d]" to keep the peace, not to retaliate. Id . I therefore respectfully dissent from this part of the opinion, and concur in the rest.